UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| CHARLES EDWARD BUSH | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-cr-160 |
| | ) | 3:08-cv-116 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255

filed by petitioner Charles Edward Bush ("Bush"). For the following reasons, the § 2255

motion will be **GRANTED** to the extent Bush's sentence will be **VACATED** and Bush shall

be **RESENTENCED** as set forth below.

Bush pleaded guilty to wire fraud, in violation of 18 U.S.C. § 1343, and was sentenced

to a term of imprisonment of 33 months. He did not file a notice of appeal. In support of his

§ 2255 motion, Bush alleges *inter alia* that he received ineffective assistance of counsel when

his attorney failed to file a direct appeal. According to Bush, he instructed his attorney to file

an appeal and she refused. Bush verifies this allegation in a supporting affidavit. [Court File

No. 30, Affidavit of Charles Edward Bush].

In *Ludwig v. United States*, 162 F.3d 456 (6th Cir. 1998), the Sixth Circuit held that "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Id*. at 459. In response to the § 2255 motion, the government by its counsel states that the government contacted Bush's appointed counsel, "who reported no independent recollection of the case." [Court File No. 36, Response]. The government thus concedes that, absent evidence to the contrary, Bush's affidavit must be accepted as true and that Bush has established a *prima facie* case of ineffective assistance of counsel. Therefore, the government does not oppose Bush's request for a delayed direct appeal.

In the case where counsel was ineffective by failing to timely file a notice of appeal, the correct procedure is to grant the § 2255 motion and reimpose the same sentence, so that the time for filing an appeal commences again. *See Johnson v. United States*, 146 Fed.Appx. 4, 2005 WL 1506050 (6th Cir. June 27, 2005) (citing *Rosinski v. United States*, 459 F.2d 59 (6th Cir. 1972) (per curiam)).

Under the circumstances, the court finds that Bush's motion to vacate, set aside or correct sentence should be **GRANTED** on the ground that Bush was denied the effective assistance of counsel when his attorney failed to file a direct appeal. An evidentiary is not required. *See* Rule 8 of the Rules Governing Section 2255 Proceedings For The United States District Courts; *United States v. Anderson*, 409 F. Supp. 2d 925 (S.D. Ohio 2005) (granting a § 2255 petition without an evidentiary hearing where the government did not contest petitioner's allegation that her counsel failed to file an appeal after requested by

2

petitioner to do so).  Bush's remaining claims for relief will be **DENIED WITHOUT PREJUDICE**.

Bush's sentence will be **VACATED** and the court will **REIMPOSE** the same sentence.  The court will enter an Amended Judgment.  Bush is hereby notified of the rights associated with an appeal from the sentence the court will reimpose:

(1)  Bush has the right to appeal the reimposed sentence.  The Clerk's Office will be **ORDERED** to file a notice of appeal for Bush within **TEN DAYS** from the entry of the Amended Judgment, in accordance with Fed. R. App. P. 4(b)(1)(A)(i).

(2)  If Bush cannot afford counsel to represent him on appeal, he should make a request for appointment of counsel.  Counsel will be appointed if Bush cannot afford an attorney to represent him on appeal.  Accordingly, the Clerk will be **DIRECTED** to send Bush a CJA 23 Financial Affidavit for appointment of counsel, which Bush should complete and return, within twenty (20) days of the date of this Memorandum, if he seeks appointed counsel.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan
United States District Judge

3